IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| _____ § | Civil Action No. |
| STEPHANIE BARHAM f/k/a § | |
| STEPHANIE SISK, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| THE TUREK LAW FIRM, P.C., § | |
| § | |
| Defendant. § | |
| _____ § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.      Plaintiff, Stephanie Barham f/k/a Stephanie Sisk, brings this action to secure redress from unlawful collection practices engaged in by Defendant, The Turek Law Firm, P.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Texas Finance Code ("TDCA") and Deceptive Trade Practices Act ("DTPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors'

harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      The FDCPA applies to the litigating activities of lawyers. The FDCPA defines the "debt collector[s]" to whom it applies as including those who "regularly collec[t] or attemp[t] to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly "attempts" to "collect" those consumer debts. *See, e.g.,* BLACK'S LAW DICTIONARY 263 (6th ed. 1990) ("To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings"). *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995). "The Act [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Id.* at 299.

7.      In *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440, 445 (5th Cir. 2013), the Fifth Circuit discussed the history of the adoption of Section 1692i:

> The origins of § 1692i(a)(2) can be traced to the Federal Trade Commission's ("FTC") fair-venue standards, which "provide[ ] that if a creditor sues a consumer for a delinquent account, the creditor may sue the consumer only in the judicial district in which the consumer resides at the beginning of the action or signed the contract sued upon." *In re J.C. Penney Co.,* No. 852-3029, 1986 WL 722090, at *4 (F.T.C. July 17, 1986). The FTC adopted these standards after observing that "[k]nowingly filing actions in distant counties in order to gain an unconscionable advantage [was] not a unique or isolated practice, but instead ha[d] been continuously identified ... as a widespread and common abuse in the debt collection field." *In re Spiegel, Inc.,* [No. 8990, 1975 WL 173254, at *6 (F.T.C. Aug. 18, 1975)].

> Following the FTC's implementation of the fair-venue standards, Congress observed the importance of "address[ing] the problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear." S.Rep. No. 95-382, at 5, reprinted in 1977 U.S.C. C.A.N. 1695, 1699. To remedy this problem and prevent debt collectors from unfairly pursuing debt-collection actions against consumers in distant forums with the goal of receiving default judgments, Congress "adopt[ed] the 'fair venue standards' developed by the [FTC]." *Id.*

*Serna,* 732 F.3d at 446-47.

8.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

### Jurisdiction and Venue

9.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims.

10.      Venue and personal jurisdiction are proper in this District under 28 U.S.C. § 1391(b)-(d) and because Defendant communicated with the Plaintiff here and served her with the State Court Case in Denton, Texas.

### Parties

11.      Plaintiff Stephanie Barham f/k/a Stephanie Sisk is an individual who resides in Denton, Denton County, Texas.

12.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

13.      Defendant The Turek Law Firm, P.C. is a professional corporation organized under the laws of the State of Texas with its principal office located at 25227 Grogans Mill Road, Suite 100A, The Woodlands, TX 77380.  Its registered agent is Douglas D. Turek,  25227 Grogans Mill Road, Suite 100A, The Woodlands, TX 77380.

14.    The corporate privileges of The Turek Law Firm, P.C. are currently revoked by the Texas Secretary of State. The notice of forfeiture is attached as Exhibit A.

### Facts Relating to the Defendant

15.    Defendant's business activities consist of acting as a collection agency, using the mails and telephone system to collect delinquent debts for others.

16.    The Turek Law Firm, P.C. is an entity engaged in the business of collecting consumer debts, many on behalf of hospitals, throughout the State of Texas.  The principal purpose of Defendant's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others.  The Turek Law Firm, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).  The Turek Law Firm, P.C. is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

### Factual Allegations

17.    On or about March 14, 2022, The Turek Law Firm, P.C. filed suit on behalf of Dallas County Hospital District d/b/a Parkland Health ("Parkland") in the 44th Judicial District Court of Dallas County, Texas, under Cause No. DC-22-02879.  The Plaintiff was <u>not</u> a defendant named in that filing.

18.    By letter dated April 25, 2022, Defendant made demand on Plaintiff on behalf of Parkland. *See* Exhibit B. Exhibit B did not disclose that Defendant was a debt collector or provide Plaintiff with information about her right to dispute the debt. Exhibit B was sent to Plaintiff at her home in Denton, Texas.

19.    On or about June 17, 2022, The Turek Law Firm, P.C. filed a First Amended Petition in Cause No. DC-22-02879 to include Plaintiff and twelve  (12) other nurses alleging that each of

them has breached their respective contracts with Parkland and thus owe Parkland liquidated damages (the "State Court Case"). A copy of the State Court Case is attached hereto as Exhibit C.

20.    Defendant alleged in the State Court Case that "Venue is proper because all, or substantially all, of the acts giving rise to Plaintiff's cause of action occurred in Dallas County, Texas. *See* Exhibit C.

21.    As to the parties and the Debt, the 44th Judicial District Court of Dallas County, Texas is not the Plaintiff's 15 U.S.C. § 1692i "district."  The Plaintiff was not a resident of Dallas County at the time the State Court Case was filed.  Moreover, the Plaintiff signed no contract with Parkland in Dallas County, Texas.

22.    The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules.  *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP,* 637 F.3d 117, 123-24 (2d Cir. 2011).  Venue must be laid in the state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county.  *Nichols v. Byrd,* 435 F.Supp.2d 1101 (D.Nev. 2006).

23.    A suit on a consumer debt must be filed only in the judicial district or similar legal entity in which such consumer signed the contract sued upon, or in which such consumer resides at the commencement of the action. *See* 15 U.S.C. § 1692i.

24.    In an action founded on a contractual obligation of the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use, suit by a creditor on or by reason of the obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract or in the county in which the defendant resides when the action

is commenced.  No term or statement contained in an obligation described in this section shall constitute a waiver of these provisions. TEX. CIV. PRAC. & REM. CODE § 15.035(b).

25.     Plaintiff was served with the State Court Case at her home in Denton, Texas.

26.     In *Serna v. Law Office of Joseph Onwuteaka, P.C.,* the Fifth Circuit determined that, "[b]ecause the harm of responding to a suit in a distant forum arises only after receiving notice of that suit, a 'violation' does not arise under § 1692i(a)(2) until such time as the alleged debtor receives notice of the suit." 732 F.3d 440, 445 (5th Cir. 2013).

27.     Plaintiff hired the undersigned to represent her interests.  The undersigned sent Defendant a notice letter On December 21, 2022, which is attached as Exhibit D.  The notice letter told Defendant to consider the debt as disputed and gave Defendant the opportunity to dispute the consumer nature of the debt, whether Plaintiff is a consumer, and whether Defendant is a debt collector. *See* Exhibit D.

28.     Defendant did not respond to the notice letter.

29.     Plaintiff incurred additional fees and expenses in the amount of $150.00 for the notice letter informing Defendant of the improper venue.

30.     Plaintiff endured mental anguish and stress over being sued in a distant forum.

31.     Before filing the State Court Case, Defendant mailed written correspondence to Plaintiff at her home address in Denton, Texas. *See* Exhibit B.  Defendant knew that Plaintiff did not reside in Dallas County.

32.     The obligation ("Debt") that The Turek Law Firm, P.C. sought to collect required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

Specifically, the alleged debt arose from a training agreement with Parkland, which would have been used by the Plaintiff for non-business purposes.

33.    The Turek Law Firm, P.C. filed a motion for summary judgment in the State Court Case; Plaintiff filed a response which brought to the trial court's attention that The Turek Law Firm, P.C. has forfeited its corporate privileges in Texas.   Specifically, Plaintiff summary judgment response in the State Court Case stated:

> The Court is respectfully directed to the forfeiture of Plaintiff's counsel's right to do business in Texas as of March 10, 2023. The Secretary of State effected the forfeiture pursuant to Section 171.309 of the Texas Tax Code of The Turek Law Firm, P.C. … An entity "the existence of which has been . . . forfeited pursuant to the tax code . . ." is a terminated entity. *See* TEX. BUS. ORGS. CODE § 11.001(4)(B).
>
> … The Turek Law Firm, P.C. has been unable to act as a corporation from at least March 10, 2023 and perhaps 120 days before that date.
>
> … [Parkland] claims to have contracted with The Turek Law Firm, P.C. Absent its corporate privileges, The Turek Law Firm, P.C. is not able to act in its corporate capacity to represent [Parkland].

34.    The Turek Law Firm, P.C. then filed a Reply to Plaintiff's response in the State Court Case on April 18, 2023, signed by Douglas D. Turek. The Reply makes the following misrepresentation in the State Court Case:

> PLAINTIFF PARKLAND, NOT THE TUREK LAW FIRM, IS PURSUING CLAIMS AGAINST DEFENDANT SISK.
>
> Sisk attempts to distract the court from the overwhelming evidence in favor of Parkland claims by raising The Turek Law Firm's tax filing status. While steps are being taken to address the tax issue raised in Defendant Sisk's Response, The Turek Law Firm's tax filing status does not affect Parkland's ability to pursue damages against Defendant Sisk in relation to her breach of contract. Defendant Sisk does not establish any legal significance to the issue of The Turek Law Firm's tax status. Therefore, this Court should not be distracted by this issue, but should instead focus on Parkland's claim for breach of contract, that has been supported by overwhelming evidence.

35.     The representation is false. Except for the performance of ministerial tasks, corporations and other non-natural persons may appear and be represented only by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.,* 937 S.W.2d 455, 456 (Tex. 1996); *see also Dell Dev. Corp. v. Best Indus. Uniform Supply Co.,* 743 S.W.2d 302, 303 (Tex. App.-Houston [14th Dist.] 1987, writ denied).

36.     Parkland is not able to appear in the State Court Case without a licensed attorney. However, Parkland did not hire an attorney in his or her individual capacity.  In the April 25, 2022 letter to Plaintiff, Defendant states that "The Turek Law Firm, PC has been retained by Dallas County Hospital District d/b/a Parkland Health ("Parkland") to pursue amounts owed by you…" *See* Exhibit B.

37.     The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents or employees, acting at all times relevant hereto within the scope of that relationship.

38.     The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff, as shown by written communications sent to the Plaintiff dated April 25, 2022.

39.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

40.     The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. Defendants' violations of the FDCPA include, but are not limited to:

    a.     In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the
           natural consequence of which was to harass, oppress, or abuse a person in

connection with the collection of a debt, which conduct included filing suit in distant forum violation and in further violation of TEX. CIV. PRAC. & REM. CODE § 15.092(c).

b.    In violation of 15 U.S.C. § 1692e(2)(a) and 15 U.S.C. § 1692e(10), Defendant used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt. Specifically, Defendant represented venue was proper in Dallas County, in the pleadings filed on June 17, 2022 and later served on Plaintiff. Additionally, Defendant represented that it was its client collecting the debt – when Parkland is an entity which cannot appear in court unless it is represented by an attorney.

c.    In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Defendant threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken. Such actions include filing pleadings falsely alleging venue; filing those pleadings in a distant forum; and misrepresenting the ability of an entity to collect a consumer debt in a Texas court without a lawyer.

d.    In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt by filing suit in distant forum violation and in further violation of TEX. CIV. PRAC. & REM. CODE § 15.092(c).

e.    In violation of 15 U.S.C. § 1692g, At no time (specifically including the five days after the Defendant's initial communication with the Plaintiff in connection with the collection of a consumer debt) did the Defendant send the following information:

       i.    A statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant.

       ii.    A statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant.

       iii.    A statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

  f.  In violation of 15 U.S.C. § 1692i, the Defendant filed the State Court Case in Dallas County, Texas which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

41.  Under 15 USC § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

42.  The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to:

  a.  In violation of TEX. FIN. CODE § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

  b.  In violation of TEX. FIN. CODE § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

43.  Under TEX. FIN. CODE ANN. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## Third Claim for Relief

44.  The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to:

  a.  Pursuant to TEX. FIN. CODE ANN. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

  b.  In violation of TEX. BUS. & COMM. CODE §17.46(b)(23), Defendant filed suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract.

45.     Under TEX. BUS. & COM. CODE § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief, and reasonable attorney's fees.  Specifically, Plaintiff seeks to enjoin Defendant from suing any Texas resident on debts in any forum that is not the judicial district in which they resided at the commencement of the litigation or signed the agreement which forms the basis of the debt.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that Defendant's actions violate the FDCPA and TDCA.

2.     Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3.     Enter judgment for Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403.

4.     Grant such further relief as deemed just.

Respectfully submitted,

*/s/Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

ATTORNEY FOR PLAINTIFF,
STEPHANIE BARHAM f/k/a STEPHANIE SISK

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

*/s/Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

ATTORNEY FOR PLAINTIFF,
STEPHANIE BARHAM f/k/a STEPHANIE SISK